UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RUTH ANN MILLER,

        Plaintiff,

                                        Civil No. 09-337-HA

    v.

                                        OPINION AND ORDER

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____

HAGGERTY, District Judge:

        Plaintiff Ruth Ann Miller requests judicial review of a final decision by the

Commissioner of the Social Security Administration that concluded that she was ineligible for

Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Plaintiff alleges

disability since September 30, 2001 due to impairments including mild mental retardation, and

reading and mathematics disorders.

1  - OPINION AND ORDER

She applied for benefits on March 8, 2005 and appeared before an Administrative Law

Judge (ALJ) after that application was denied initially and upon reconsideration.  The ALJ

issued a ruling that concluded that plaintiff was not entitled to benefits.  Administrative review

of that decision was denied.  Tr. 3-5.[1]  Plaintiff seeks judicial review and an Order reversing the

Commissioner's decision and remanding this case for an award of benefits.

## BACKGROUND

Plaintiff was born in 1970.  She was in special education classes throughout school, and

graduated from high school with a special education certificate.  Tr. 125-297.  She has past

relevant work experience as a hand packer/packer.  Tr. 28.  At her hearing, plaintiff testified that

she attended special education classes in school, and has trouble reading a newspaper and needs

some help in comprehending it.  She is able to add and subtract minimally, but cannot multiply

or divide or make change.  She obtained her driver's license as a teenager, but needed assistance

in taking the written test.

She also explained that she initially worked as a packer, when her mother was present

and assisting her.  She has also worked at other jobs at which she received assistance from

family members.  In 2006, she unsuccessfully attempted employment as a pizza maker for three

or four days.  This court will address additional details of plaintiff's medical and personal history

as necessary in this ruling.

## STANDARDS

---

1       Citations beginning with "Tr." refer to pages in the official transcript of the
administrative record filed with the Commissioner's Answer.

2   - OPINION AND ORDER

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability.  20 C.F.R. §§ 404.1520, 416.920; *see also Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA.  *See* 20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments").  If the claimant's condition meets or equals one or more of the Listings of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past.  If the claimant is able to perform his or her

former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, in step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Hoopai*, 499 F.3d at 1074-75 (citations omitted).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. *See* 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999) (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th

Cir. 2007) (citations and quotations omitted). This court must uphold the Commissioner's denial

of benefits even if the evidence is susceptible to more than one rational interpretation, as long as

one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947,

954 (9th Cir. 2002) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the

Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The

Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the

Commissioner's decision must be upheld in instances in which the evidence would support either

outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v.

Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citations omitted). A decision to deny benefits

may be set aside only if the ALJ's findings are based on legal error or are not supported by

substantial evidence in the record. *Benton*, 331 F.3d at 1035.

## SUMMARY OF THE ALJ'S FINDINGS

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged

disability onset date. Tr. 22, Finding 2.

At step two, the ALJ found that plaintiff had the following severe impairments: a

developmental reading disorder; disorder of written expression; memory deficits, not otherwise

specified; and "borderline intellectual functioning vs. mild mental retardation." Tr. 22, Finding

3.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the

requirements of a listed impairment. Tr. 23, Finding 4.

The ALJ determined that plaintiff had a RFC to perform simple, routine, repetitive work, with limited contact with the public.  Tr. 24, Finding 5.

At step four, the ALJ found that plaintiff did not qualify for benefits because she could perform her past relevant work as a hand packer/packer.  Tr. 28, Finding 6.

**QUESTION PRESENTED**

Plaintiff contends in part that the ALJ erred in failing to find that her impairments meet or equal Listing 12.05C.  Plaintiff also disputes the analysis at step four that she could return to her past relevant work, and challenges the ALJ's RFC findings and the questions posed to the vocational expert (VE) who testified at plaintiff's hearing.  Plaintiff also argues that the ALJ erred in evaluating medical testimony and the testimony from plaintiff and the lay witnesses. The question presented is whether – after properly assessing plaintiff's impairments, her RFC, and after evaluating the testimony and evidence presented – this action must be remanded for an award of benefits.

**DISCUSSION**

     **1.       The ALJ's evaluation of plaintiff's impairments**

Plaintiff argues that at step three, the ALJ improperly found that her impairments do not meet Listing 12.05(C).  At the outset, a claimant seeking to meet the severity of the listing for mental retardation must demonstrate that his or her impairment satisfied the "diagnostic description" in the introductory paragraph of Listing 12.05, as well as one of the four sets of criteria listed in paragraphs A, B, C or D.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.00, 12.05.  The diagnostic description defines mental retardation as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during

the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment

before age 22." *Id.* at 12.05.

Specifically, these Listings provide in relevant part as follows:

12.05 Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

* * *

C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. § 404, Subpart P, Appendix 1, Listing 12.05.

Plaintiff contends she meets the criteria listed in 12.05(C). Defendant concedes that

plaintiff's impairments satisfy the first prong, the requisite diagnostic description. Df. Br. at 5-6.

However, defendant disputes that there is any "convincing evidence to show that Plaintiff had

another physical or other mental impairment which imposed an additional and significant

work-related limitation of functioning." *Id.* at 6.

As noted above, the ALJ's step-two analysis yielded a finding that plaintiff was severely

impaired with a developmental reading disorder; a disorder of written expression; "memory

deficits, not otherwise specified; and borderline intellectual functioning vs. mild mental

retardation." Tr. 22, Finding 3. These independently diagnosed severe impairments are (1)

corroborated by substantial medical evidence in the record and (2) cannot fairly be interpreted as

mere components of plaintiff's mild mental retardation. Accordingly, the court rejects

defendant's contention that these additional impairments "were actually manifestations of

Plaintiff's same impairment . . . her underlying intellectual functioning impairment," regardless of the fact that plaintiff had sustained some employment (under sheltered conditions). Df. Br. at 6 (citation omitted).

The record establishes that plaintiff not only suffers from significantly subaverage general intellectual functioning with deficits in adaptive functioning with an onset before the age of twenty-two, as conceded by defendant, but that plaintiff suffers from other impairments that impose additional and significant work-related limitations of function. Plaintiff's other severe impairments – identified by the ALJ at step two – satisfy Listing 12.05(C). The ALJ therefore erred at step three in failing to conclude that plaintiff's severe impairments meet a Listing of Impairment.

In so concluding, the court acknowledges that defendant contends that the court should uphold an ALJ's decision "when an ALJ errs in some of his reasoning, but gives other valid reasons supporting the decision." Df. Br. at 7 (citing *Carmickle v. Comm'r. of the Social Security*, 533 F.3d 1155, 1164 (9th Cir. 2008)). Although defendant argues that the ALJ "interpreted the evidence rationally and gave several valid reasons supporting his decision regarding step three," *id.*, the conclusions are not supported by substantial evidence and are based upon legal error.

Reversal of the Commissioner's decision is also warranted on the alternative grounds that plaintiff's impairments *equal* Listing 12.05(C). An ALJ is required to "explain adequately" the evaluation of "alternative tests and the combined effects [of a claimant's] impairments." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). Here, the medical evidence of record establish that plaintiff's combined impairments equal Listing 12.05(C).

8  - OPINION AND ORDER

2.      **Remand**

For purposes of the record, the court further concludes in the alternative that reversal and remand of this action is also warranted on other grounds articulated in plaintiff's briefing regarding errors committed at step four (the failure to have developed the record regarding plaintiff's past earnings) and regarding plaintiff's RFC (insufficiently addressing the scope of plaintiff's impairments). However, in light of the foregoing analysis that the ALJ erred at step three and that a remand for an award of benefits is compelled, these other meritorious arguments need not be addressed further.

The decision whether to remand for further proceedings or order an immediate award of benefits is within this court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When outstanding issues must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id*. at 1179.

However, when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. (holding that the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings); *see also Benecke v. McCarthy*, 379 F.3d 587, 593 (9th Cir. 2004); *Smolen*, 80 F.3d at 1292.

This rule recognizes "the importance of expediting disability claims." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). In cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would delay effectuating the

primary purpose of the Social Security Act, which is to give financial assistance to disabled persons because they cannot sustain themselves. *Id.*

It is clear from the record that claimant must be found disabled at step three for meeting and for equaling Listing 12.05(C). Additional proceedings are unnecessary to determine plaintiff's entitlement to benefits. The record is fully developed, and further proceedings "would serve no useful purpose." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (if evidence that was improperly rejected demonstrates that claimant is disabled, court should remand for payment of benefits).

Moreover, permitting the Commissioner a further opportunity under these circumstances to amend findings to comport with a denial of disability benefits is not in the interests of justice. *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate).

## **CONCLUSION**

Based on the foregoing, under the applicable legal standards, plaintiff is unable to engage in any substantial gainful activity by reason of her impairments, and is disabled under the Act. Accordingly, the decision of the Commissioner is reversed, and this case is remanded to the Commissioner for the calculation and award of benefits to plaintiff Ruth Ann Miller.

IT IS SO ORDERED.

DATED this _____23_____ day of September, 2010.


　_/s/ ANCER L. HAGGERTY_____
ANCER L. HAGGERTY
United States District Judge


10 - OPINION AND ORDER