IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RUTH ANN MILLER,

        Plaintiff,                                Civil No. 09-337-HA

        v.                                        ORDER

MICHAEL J. ASTRUE,
COMMISSIONER of Social Security,

        Defendant.

HAGGERTY, District Judge:

        Plaintiff's counsel received an award for fees based upon the Equal Access to Justice Act (EAJA) in the amount of $7,499.99 in early February 2011. Counsel now moves [29] for an award for fees under 42 U.S.C. § 406(b) totaling $15,639.00.

        When counsel for a Social Security claimant is entitled to awards under both statutes, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). There have been no objections from the Commissioner to the fee motion, but this court is charged with the responsibility of determining the reasonableness of the award being sought.

Page 1 - ORDER

I.      ANALYSIS

On September 23, 2010, Judgment was issued by this court finding that plaintiff is unable to engage in any substantial gainful activity by reason of her impairments, and remanding this case to the Commissioner for the proper calculation and award of Supplemental Security Income Benefits and Disability Insurance Benefits on behalf of plaintiff. The Notice of Award from the Commissioner was issued on February 21, 2011. On April 18, 2011 – just before expiration of the sixty-day allowance recognized in Local Rule 4000-8 – plaintiff's counsel filed an application for an award of attorney fees pursuant to § 406(b).

Upon entering a judgment in favor of a Social Security claimant who was represented by an attorney, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Such fee awards are paid from a claimant's retroactive benefits award. *Id.* An attorney receiving such a fee award may not seek any other compensation from a claimant besides a § 406(b) fee. *Id.*

Under *Gisbrecht*, the court's first duty when considering whether to approve a contingency fee agreement is to determine whether it is within the statutory 25 percent cap. Here, counsel and his client executed a contingent-fee agreement that appears to be within the statutory limits. *See* Ex. 2 in support of Counsel's Mem. Supp. 406(b) Fee Award.

Relatedly, the court then confirms that the fee amount sought by counsel is not more than 25 percent of the disabled person's retroactive benefits (§ 406(b)'s ceiling). Obviously, such a determination requires evidence of the retroactive benefits awarded to the claimant. Here, plaintiff's counsel seeks an award of $15,639.00, which counsel asserts is 25 percent of the

Page 2 - ORDER

calculation of his client's retroactive benefits.  Mem. Supp. 406(b) Fee Award, p. 1.  This is the amount the Commissioner withheld from plaintiff's past due benefits to address the possibility that counsel could seek a fee award of up to 25 percent of those past due benefits.  *See* Ex. 1 in support of Counsel's Mem. Supp. 406(b) Fee Award.

If the Commissioner's calculations and counsel's representations are correct, plaintiff received a total retroactive benefit of $62,556.00.  Counsel's requested 25 percent award would be subject to a subtraction of $7,499.99, counsel's awarded EAJA fee, resulting in a net award being sought of $8,139.01.

Although counsel has not voluntarily reduced his fee request to less than 25 percent provided for in the contingency fee contract, that fact alone does not void the agreement.  Fee agreements that do not result in an award *exceeding* 25 percent of the benefits awarded to the claimant may be upheld if it can be determined that the fee agreement yields "reasonable results" under the applicable circumstances.  *Gisbecht*, 535 U.S. at 807; *see also Lewis v. Sec'y of Health & Human Servs.*, 707 F.2d 246, 248-50 (6th Cir. 1983) ("[r]outine approval of the statutory maximum allowable fee should be avoided in all cases.  In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum.") (citation and internal quotation omitted).

This court notes with approval the careful analysis provided by Magistrate Judge Acosta, who recognized that "a twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Comm'r*, No. Cv. 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec.ember 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17).

Page 3 - ORDER

Magistrate Judge Acosta further recognized the court's duty to review contingent-fee arrangements as an independent check and to issue an affirmative judicial finding that the fee allowed is reasonable. *Id*. (citation and internal quotation omitted). Upon a determination that the fee agreement and the amount requested is within statutory limits, a court turns to "its primary inquiry, the reasonableness of the fee sought." *Id*. at *10.

The burden rests with the plaintiff's counsel to establish the requested fee's reasonableness. *Gisbrecht*, 535 U.S. at 807. As the Supreme Court noted, the real party in interest in § 406(b) fee motions is the attorney, not the claimant. *Id.* at 798 n.6.

A court evaluating a counsel's showing of reasonableness under § 406(b) is instructed to acknowledge the "primacy of attorney-client fee agreements." *Id*. at 793. However, contingent fee agreements that fail to "yield reasonable results in particular cases" can be rejected. *Id.* at 807. The court may reduce a contingent fee "based on the character of the representation and the results the representative achieved." *Id*. at 808. For example, a contingent fee award may be reduced if the attorney provided substandard representation, engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the amount of time the attorney spent on the case. *Id.*

The Ninth Circuit issued an *en banc* decision addressing the § 406(b) reasonableness analysis under *Gisbrecht*. *See Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009). The *Crawford* majority emphasized that the Supreme Court has provided a "clear directive" that a district court should begin its analysis with examining the attorney-client fee agreement, and then apply any appropriate reductions to the calculated contingency fees, for purposes of arriving at a reasonable fee.

The Ninth Circuit articulated four factors derived from the *Gisbrecht* analysis that district courts should use in determining whether a reduction from the contingent-fee agreement is appropriate:

1. the character of the representation, specifically, whether the representation was substandard;

2. the results the representative achieved;

3. any delay attributable to the attorney seeking the fee; and

4. whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

*Crawford*, 586 F.3d at 1151-53 (citations omitted).

In other words – despite the primacy afforded to the fee contract created between counsel and client – courts are empowered to exercise discretion to ensure that the claimant is protected from having to surrender retroactive disability benefits in a disproportionate payment to counsel. *Id*. at 1151 (citing *Gisbecht*, 535 U.S. at 808).

### 1. The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a § 406(b) fee award. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. The Supreme Court has instructed that this aspect of the reasonableness analysis emphasizes whether the character of the plaintiff's representation was substandard. *Gisbrecht*, 535 U.S. at 808 (citing *Lewis*, 707 F.2d at 248-50. The *Lewis* court considered the counsel's poor preparation for hearings, failures to meet briefing deadlines, submissions of court documents void of legal citations, and misconduct in over-billing the claimant to amount to substandard representation. *Id*.

The record in this case fails to reveal that counsel's conduct in this case was in any way as egregious as the kind of representation considered by the court deciding *Lewis*. The record in this case provides no basis for a reduction in the requested § 406(b) fee due to the character of counsel's representation.

2.     **Results Achieved**

Here, counsel won a remand for purposes of calculating and awarding benefits for the claimant. However, a successful result – even obtaining an order for an award of benefits – should not be viewed in isolation, and does not compel a fee award of 25 percent of a claimant's retroactive benefits award:

> If [a successful result] always supported awarding fees for the full twenty-five percent, it would make irrelevant the other *Gisbrecht* factors and render perfunctory the trial courts' assigned task of "making reasonableness determinations in a wide variety of contexts[.]"

*Dunnigan,* 2009 WL 6067058, at *12 (quoting *Gisbrecht*, 535 U.S. at 808).

3.     **Delays**

A court may reduce a § 406(b) award for delays in proceedings attributable to the claimant's counsel. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. The *Gisbrecht* Court reasoned that a reduction of a requested fee is appropriate under § 406(b) in cases in which the requesting attorney could profit from the accumulation of benefits by inappropriately causing delay in the proceedings while the case is pending. *Gisbrecht*, 535 U.S. at 808 (citing *Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)).

Here, plaintiff sought and obtained one forty-five day extension for filing an Opening Brief. No evidence in the record suggests that the extension was intended, even in part, to

unfairly delay the proceedings in this case. Accordingly, reduction of a fee request based upon 25 percent of the claimant's retroactive benefits award under this factor alone is not warranted.

The court notes that counsel contends that a "significant delay in payment" of benefits occurred in this case, and that because "[m]uch of the work on this case was performed months ago . . . an *increase* in what otherwise would be a reasonable fee" is warranted. Counsel's Mem. Supp. 406(b) Fee Award at 9 (emphasis in original). This court declines counsel's invitation to inflate "otherwise reasonable" fee awards based upon a purported delay in agency payment of benefits. Moreover, counsel allowed nearly all of the sixty days allowed for seeking an award of fees to expire before filing this motion. The argument that delay in receiving payment should increase a reasonable award is, therefore, rendered even less persuasive.

### 4.     Proportion

A district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808; *see also Stokes v. Comm'r of Social Sec. Admin.*, No. 10-35628, 2011 WL 1749064, at *1 (9th Cir. May 9, 2011) (it is proper for a court to focus on the complexity and risk involved in the specific case at issue to determine how much risk was assumed in taking the case, and disregarding an attorney's arguments about general policy considerations and the generally high risks in litigating social security cases is not an abuse of discretion); quoting *Crawford*, 586 F.3d at 1153.

Counsel claims he expended 46.55 hours in his efforts to recover retroactive benefits for plaintiff and to obtain current benefits and insurance for his client. In light of the size of the retroactive benefits recovered in relation to a reasonable estimate of the complexity of the representation, and the estimated number of hours that should have been necessary to fairly conduct that representation, a reduction of the maximum fee allowable under the applicable statute is warranted.

This conclusion is based upon the circumstances presented, including an evaluation of the complexity of the issues presented after administrative adjudication of plaintiff's application for benefits. Counsel for plaintiff was zealous and effective in overcoming the defenses presented by opposing counsel on behalf of the Commissioner. However, the challenges of litigating the existence of errors committed by the Administrative Law Judge (ALJ) regarding plaintiff's impairments were relatively simple. The record of the case established that plaintiff not only suffers from significantly subaverage general intellectual functioning with deficits in adaptive functioning with an onset before the age of twenty-two, as conceded by defendant, but also that plaintiff suffers from other impairments that impose additional and significant work-related limitations of function. Plaintiff's other severe impairments – which were acknowledged by the ALJ – satisfied Listing 12.05(C), and the litigation of the ALJ's error in failing to conclude that plaintiff's severe impairments meet a Listing of Impairment was insufficiently complex to warrant a full fee award of the maximum amount allowed under law. Instead, this court is compelled to award a smaller percentage in calculating a fee award to avoid a disproportionate windfall to counsel and to prevent a disabled client from incurring a disproportionate loss of benefits for legal representation.

This result is consistent with the court's statutory duty to assess the reasonableness of this kind of contingent fee, and with the guidance provided by the Supreme Court and the Ninth Circuit. This court concludes that the concerns about proportionality are not allayed by the risks counsel undertook in representing this plaintiff, under the complexity and circumstances presented. *See Stokes*, 2011 WL 1749064, at *1-*2.

## II.    FEE CALCULATION

This court accepts the reasonableness of the hours billed for this litigation (46.55 hours). However, the court concludes that an award of 25 percent of plaintiff's retroactive benefits results in a disproportionate windfall for counsel. Instead, after examining the record and the factors considered in determining the reasonableness of fee awards, the court concludes that counsel's fee award should total 20 percent of the alleged retroactive benefits award. Accordingly, counsel is awarded $5,011.21. This amount equals 20 percent of the retroactive award of $62,556.00 ($12,511.20), minus $7,499.99, counsel's awarded EAJA fee.

## III.    CONCLUSION

Counsel's § 406(b) attorney fee motion [29] is granted as follows: payment to plaintiff's counsel of $5,011.21 from plaintiff's retroactive benefits is approved.

IT IS SO ORDERED.

Dated this 22nd day of June, 2011.

      /s/ AncerL. Haggerty
      Ancer L. Haggerty
      United States District Judge